UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Andre Lyneal Wallace</u>

    v.                              Civil No. 23-cv-048-JL-AJ

<u>Warden, FCI Berlin</u>

**REPORT AND RECOMMENDATION**

Self-represented Petitioner, Andre Lyneal Wallace, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), brings a petition for a writ of habeas corpus (Doc. Nos. 1, 3)[1] under 28 U.S.C. § 2241.  Mr. Wallace's petition is before the undersigned Magistrate Judge for preliminary review to determine whether it is facially valid and may proceed in this case.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen habeas petitions and, if "it plainly appears from the petition

---

[1] The Court construes Mr. Wallace's initial petition (Doc. No. 1) and petition addendum (Doc. No. 3), and the attachments to those documents, in the aggregate, to be the petition in this case for all purposes.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). In conducting its § 2254 Rule 4 review, the court construes self-represented litigants' filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Generously construed, the petition asserts the following facts in support of relief. On January 10, 2023, FCI Berlin officers placed Mr. Wallace in that facility's Special Housing Unit ("SHU") in response to an incident which resulted in Mr. Wallace being charged with a disciplinary offense alleging that he violated Federal Bureau of Prisons ("BOP") Prohibited Act Code ("Code") 108. Mr. Wallace asserts that the FCI Berlin officers who placed him in the SHU did so in violation of relevant BOP regulations. Mr. Wallace alleges he was not afforded any process prior to being transferred to the SHU. Mr. Wallace also alleges that an officer told him that he would be in "lock up" for one day, but it appears he was there for approximately five weeks.

Mr. Wallace has not described the incident or the disciplinary charge levied against him, except to say that he was charged with violating Code 108.  Mr. Wallace asserts that once his disciplinary violation was adjudicated, the Disciplinary Hearing Officer ("DHO") sanctioned him by disallowing forty-one days of his good conduct time ("GCT") and restricting his use of the phone and commissary for one year. Mr. Wallace claims that the sanctions imposed were "retaliation."  Doc. No. 3, at 1.

Mr. Wallace further claims that being in the SHU caused him to lose money and property.  Specifically, he states that while he was in the SHU, he had to spend money on hygiene items he had already purchased but which he couldn't access while he was in the SHU, and that after he was released from the SHU he discovered that some of his property was missing.

## Discussion

I.  Pre-Disciplinary-Hearing Detention

Mr. Wallace challenges his pre-hearing transfer to the SHU, and his retention there for a period of time, on the grounds that he was not provided with an Incident Report within twenty-four hours of the incident underlying his disciplinary charge, and that prior to being placed in the SHU, he was not afforded

3

appropriate process, advised of his rights, or afforded a hearing at which he could call witnesses. Mr. Wallace contends that his transfer to the SHU, and the circumstances of that transfer, violated his Fifth Amendment right to due process, his Fourth Amendment right not to be detained without probable cause, his Eighth Amendment right not to be subjected to cruel and unusual punishment, and his Thirteenth Amendment right not to be subjected to involuntary servitude.

A § 2241 petition is the vehicle for a petitioner to challenge the validity of his confinement, "or to particulars affecting its duration." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). The purpose of a habeas petition is "to release the applicant from unlawful physical confinement." Allen v. McCurry, 449 U.S. 90, 104 (1980).

Mr. Wallace was released from the SHU on or before February 16, 2023, and he was not sanctioned with segregation in the SHU for his disciplinary violation. Because Mr. Wallace seeks relief in a § 2241 action, his claims challenging his pre-disciplinary-hearing detention were mooted by his release from the SHU, as there is no further relief the Court can grant him in this case. See Yagman v. Thomas, 612 F. App'x 408, 409 (9th Cir. 2015); Pinson v. Berkebile, 604 F. App'x 649, 653 (10th Cir. 2015) (dismissing claim challenging stay in segregation

4

where prisoner had been released from segregation at the time of the court's ruling, and the segregation time already served did not increase time in prison); Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) (same).  Accordingly, the District Judge should dismiss, as moot, all of Mr. Wallace's claims concerning his pre-disciplinary-hearing detention in the SHU.

II.  Property Claim

In a § 2241 action, a federal prisoner can "challenge the execution of (rather than the imposition of) his or her sentence." Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015); see also Stegemann v. FCI-Berlin, No. 20-cv-102-SM, 2020 U.S. Dist. LEXIS 37764, at *5, 2020 WL 1034368, at *2 (D.N.H. Feb. 13, 2020).  "[D]amages . . . are "not available in a habeas action." Wholey v. Bradley, Civil No. 23-12566-LTS, 2023 U.S. Dist. LEXIS 204419, at *5, 2023 WL 8439200, at *2 (D. Mass. Nov. 15, 2023) (citing Allen, 449 U.S. at 104), appeal filed, No. 23-2076 (1st Cir. Dec. 18, 2023).

In his petition, Mr. Wallace alleged that, while he was in the SHU, prison officials and/or officers lost property which was not transferred to the SHU with him, and that he had to repurchase items he had already bought but could not access from the SHU.  Mr. Wallace does not claim that the duration of his

5

confinement was impacted by that loss of property and money, and his claims alleging property loss, which seek compensation, are not properly asserted in a § 2241 action. The District Judge, therefore, should dismiss those claims, without prejudice to Mr. Wallace's ability to seek damages or other relief in a civil lawsuit or administrative action, as appropriate.[2]

III. Disciplinary Sanctions

Prisoners have a protected liberty interest in their GCT, which affords them certain due process protection in disciplinary proceedings before those credits can be reduced. See Sup't Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453-54 (1985); Wolff v. McDonnell, 418 U.S. 539, 557 (1974). The minimum procedural due process requirements for prison disciplinary hearings affecting GCT are: written notice of the charge; the ability to call witnesses and present documentary evidence (when doing so is consistent with institutional safety and correctional concerns); a hearing before an impartial decisionmaker; and a written statement of the evidence relied on

---

[2] Petitioner stated in his petition that after this case is resolved, he intends to pursue a civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Nothing in this Report and Recommendation should be construed as comment on any Bivens action Mr. Wallace may bring in the future or any claim he may assert therein.

6

and reasons for the decision.  See Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); Wolff, 418 U.S. at 564-66.

Mr. Wallace's petition does not specifically explain how his due process rights were violated with regard to the disallowance of his GCT as a disciplinary sanction.  Instead, Mr. Wallace states, in conclusory fashion, that his disciplinary sanctions constituted retaliation.  Very liberally construed, that allegation may assert a due process claim alleging that the DHO who sanctioned him for his Code 108 violation was not an impartial decisionmaker, as the disallowance of GCT was motivated by the DHO's desire to retaliate against Mr. Wallace, rather than to punish him for the conduct underlying the disciplinary charge.  Therefore, in an Order issued this date, the Court directs service of the petition on the respondent to the extent Mr. Wallace asserts a Fifth Amendment due process claim alleging that the DHO who imposed sanctions in his disciplinary case was not impartial in his case.

## Conclusion

For the foregoing reasons, the District Judge should dismiss Mr. Wallace's claims challenging his pre-disciplinary-hearing detention in the FCI Berlin SHU as moot; and dismiss his

property claims, without prejudice to Mr. Wallace's ability to assert those claims in a proper forum.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

April 23, 2024

cc: Andrew Lyneal Wallace, pro se